HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORI K. BECKER

    Plaintiff,

  v.

PRECOR, INC., et al.,

    Defendants.

CASE NO. C08-1755RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on three motions: Plaintiff Lori Becker's motion to compel discovery (Dkt. # 38), Defendants' motion for protective order (Dkt. # 36), and Defendants' motion to seal a document submitted in support of that motion (Dkt. # 46). No one has requested oral argument. For the reasons stated below, the court GRANTS both discovery motions in part and DENIES both of them in part. The court DENIES Defendants' motion to seal.

## II. BACKGROUND

Ms. Becker, who once worked for Defendant Precor, Inc. ("Precor"), claims that Defendant Vernon "Guy" Williams, a Precor sales director, sexually assaulted her in an automobile while they were traveling on Precor business in November 2007. Ms. Becker alleges that Precor failed to appropriately discipline Mr. Williams after it became aware

ORDER – 1

of the assault, and she alleges sexual harassment. She also alleges that Precor negligently supervised and trained Mr. Williams.

Ms. Becker's counsel has become aware that a former Precor employee, Andrea Garvey, accused Larry Domingo, a Precor vice-president, of sexual harassment in 2004. Pond Decl. (Dkt. # 39) ¶ 3. No one disputes that Mr. Domingo is Mr. Williams' direct supervisor, and no one disputes that he was one of the people responsible for disciplining Mr. Williams in the aftermath of the incident with Ms. Becker. Ms. Becker does not allege that Mr. Domingo has ever acted inappropriately toward her. According to a lawsuit Ms. Garvey filed in Nevada state court, Mr. Domingo verbally assaulted her in the Las Vegas airport in September 2007. During the alleged assault, he made repeated reference to her allegations against him in 2004. Ms. Becker does not know Ms. Garvey. They worked in different Precor offices, and their tenures as Precor employees did not overlap.

The instant discovery dispute concerns several requests for production of documents to Precor, one subpoena to Ms. Garvey's former attorney, and Ms. Becker's plan to depose Ms. Garvey. The document requests seek, in essence, all Precor documents related to Ms. Garvey. Although Precor has provided some documents, it has declined to produce Ms. Garvey's 2004 internal complaint, or any documents relating to Precor's response to that complaint. Precor has also declined to produce its settlement agreement with Ms. Garvey.

Despite not producing documents about Ms. Garvey's 2004 complaint, Precor has presented indirect evidence about them. Precor's human resources vice-president declares that Ms. Garvey sent Precor a demand letter in 2004 that "made several employment-related complaints against a handful of Precor employees." Takaki Decl. (Dkt. # 49) ¶ 5. Sexual harassment was one of the complaints that the letter raised. *Id.* Although the demand letter mentions Mr. Domingo, Precor claims that the letter made "no specific sexual harassment allegation against him." *Id.* The human resources vice-

ORDER – 2

president also declares that the November 2004 settlement agreement resolving the dispute does not mention Mr. Domingo and contains "[n]o separate portions relat[ing] to Ms. Garvey's sexual harassment complaints as opposed to her other complaints." *Id.*

In a parallel effort to obtain information about Ms. Garvey's claims, Ms. Becker has issued a subpoena duces tecum to the Los Angeles attorney and law firm who represented Ms. Garvey in 2004. Ms. Garvey's counsel is allegedly willing to produce documents, but in light of a confidentiality clause in Ms. Garvey's settlement agreement with Precor, he appears to be concerned about doing so without a court order. Pond Decl. (Dkt. # 55) ¶ 2. Ms. Garvey's counsel accordingly did not object to the subpoena, but he has not responded to it either.

Finally, Ms. Becker intends to depose Ms. Garvey. For reasons not apparent to the court, she has not subpoenaed Ms. Garvey. Ms. Garvey resides in Los Angeles.

Ms. Becker seeks an order compelling the production of Precor's documents related to Ms. Garvey and the investigation of her 2004 complaints, and an order authorizing it to take discovery from Ms. Garvey and her former counsel. Defendants request a protective order preventing the same discovery.

### III. ANALYSIS

The court has broad discretion to control discovery. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A party who contends that responding to a discovery request would entail "annoyance, embarrassment, oppression, or undue burden or expense" can seek a protective order. Fed. R. Civ. P. 26(c)(1).

**A.  Document Discovery**

For the most part, the court does not agree with Precor's assertion that the documents Ms. Becker seeks are beyond the broad scope of discovery. The court

ORDER – 3

acknowledges that Ms. Garvey's 2004 complaint against Mr. Domingo is far removed in both time and space from Ms. Becker's allegations against Mr. Williams, and there is no reason to suspect that whatever conduct Mr. Domingo allegedly engaged in is similar to Mr. Williams' alleged assault on Ms. Becker. According to Ms. Garvey's 2008 lawsuit, however, Mr. Domingo has not let the 2004 complaint fade into the past. He allegedly remained angry at Ms. Garvey at least up to the time of his verbal assault on her in September 2007, in part because her complaint forced him and other Precor employees to undergo sexual harassment training. As the person at least partially responsible for Mr. Williams' discipline and training, Mr. Domingo's conduct toward Precor sexual harassment complainants, and his attitude about remedial measures in the wake of their complaints, is at least potentially relevant. The potential relevance is even greater because Mr. Domingo's alleged verbal assault on Ms. Garvey came only a few months before he was called upon to discipline Mr. Williams.

As noted above, Precor has already presented evidence through its human resources manager about Ms. Garvey's complaint and its resolution. Given that, Precor cannot credibly claim any burden arising from producing the documentary evidence that was before the manager when she made her declaration. If the manager's statements about Ms. Garvey's complaint and its resolution are correct, then perhaps no admissible evidence will come from the discovery Ms. Becker requests. Given the potential relevance of the documents, however, Ms. Becker is entitled to examine them and make that decision herself. Absent countervailing considerations, the court will not permit Precor to selectively disclose information about documents related to Ms. Garvey's complaint in an effort to avoid complete disclosure.

Precor raises two countervailing considerations. First, it alleges that Ms. Becker and her counsel have conducted themselves inappropriately after obtaining the names of

ORDER – 4

other sexual harassment complainants at Precor.[1] Precor previously produced discovery to Ms. Becker that names other complainants. Armed with that information, Ms. Becker's counsel admits to contacting some of the complainants. The court shares Precor's concern that any contact with prior complainants be handled with appropriate decorum, but nothing in the parties' declarations regarding these exchanges demonstrates conduct warranting the court's intervention. If counsel continues contacting other complainants (a practice the court in no way encourages), the court cautions counsel to give the court no reason to intervene in the future. In addition, the court orders that Precor can, at its option, redact the names of any complainants from documents it produces going forward. If Ms. Becker believes from the context of the documents that it is necessary to learn the identity of the complainants, she can raise the issue with Precor. The court expects both parties to cooperate reasonably in this process, to both prevent unnecessary intrusions into any complainant's privacy, and to permit Ms. Becker to obtain appropriate discovery.

In light of counsel's contact with other complainants, Precor is understandably concerned that Ms. Becker may be turning her focus away from Mr. Williams' conduct in favor of an attempt to indict Precor as a whole. Those concerns, however, are best addressed when (or if) Ms. Becker attempts to rely on that evidence either during dispositive motion practice or at trial. Imposing discovery limits beyond those stated above is not appropriate on the record before the court.

Second, Precor complains that its settlement agreement with Ms. Garvey is confidential, and that the court should respect that confidentiality at least in part because

---

[1] Precor's evidence about this subject comes in the form of a declaration from its human resources director. McLean Decl. (Dkt. # 50). She contacted three Precor complainants to inform them that their names had been disclosed in discovery, and that Ms. Becker's representatives might contact them. Her declaration describes her conversations with the complainants. Ms. Becker moves to strike these descriptions because they are hearsay. The court finds the use of hearsay evidence in this instance to be preferable to forcing the complainants to submit their own declarations. Moreover, nothing prevents the court from considering hearsay evidence in a collateral matter.

ORDER – 5

to do otherwise would discourage settlement. On this record, although Precor raises a close question, the court finds that it must disclose the settlement agreement. Ms. Becker is aware that Ms. Garvey made a complaint that involved Mr. Domingo, this order will entitle her to additional document discovery about that complaint, and she will presumably take discovery from Mr. Domingo and Ms. Garvey to obtain additional details. Given those sources of information, the settlement agreement would arguably disclose no additional information except the money or other consideration exchanged in the settlement. Thus, while the settlement agreement might merely duplicate information obtained through other sources, there is no indication that its disclosure would unduly burden Precor. Ms. Garvey and Precor apparently bargained to keep the settlement confidential, although that consideration is likely more important to Precor than to her. The court acknowledges that, speaking generally, preserving the bargained-for confidentiality of settlement agreements will promote settlement. In this case, however, the court finds this consideration insufficient to prevent discovery of the settlement agreement. Precor substantially weakens its argument for confidentiality of the settlement agreement by disclosing information about it through the declaration of its human resources manager. Precor should not be permitted to selectively disclose information about the documents in an effort to avoid producing them. The court will, however, permit Precor to redact any portions of the settlement agreement that reveal the exchange of monetary consideration. Ms. Becker has made no showing of the relevance of that information, and forcing its disclosure would unnecessarily undermine the court's policy of encouraging settlement.

In light of the above discussion, the court orders Precor to produce any documents in its possession related to Ms. Garvey's 2004 complaint, Precor's investigation of that complaint, its response, and its settlement agreement with Ms. Garvey. It may redact these documents in a manner consistent with this order.

ORDER – 6

### B. Discovery from Third Parties

To the extent the court has jurisdiction to resolve the parties' disputes over third party discovery, its resolution will mirror the previous section of this order. Ms. Becker has subpoenaed Ms. Garvey's counsel, but that subpoena issued from a federal court in California. Ms. Becker has not yet attempted to depose Ms. Garvey, but presumably could only do so via another subpoena issued from a California court. If any court has jurisdiction over Ms. Garvey or her counsel, it is the court from which the subpoenas issue. *See* Fed. R. Civ. P. 45(c)(3)(A)-(B) (placing subpoena enforcement power in the "issuing court"). For at least that reason, Ms. Becker is simply mistaken when she complains that Precor did not timely object to the subpoena to Ms. Garvey's counsel. Only the person to whom a subpoena is issued has standing to "object" to it (Fed. R. Civ. P. 45(c)(2)(B)), and those objections can be resolved only before the court that issued the subpoena.

The court does, however, have jurisdiction over Ms. Becker, and Precor is permitted to move for a protective order to keep her from seeking certain discovery from third parties. Fed. R. Civ. P. 26(c)(1) (permitting "any party" to seek a protective order from the presiding court or in the court in whose jurisdiction a deposition will be taken). For the reasons the court has already discussed, the court sees no reason to prevent Ms. Becker from enforcing her subpoena to Ms. Garvey's counsel, except that she shall not seek production of the settlement agreement. The court's order that Precor produce the settlement agreement in redacted form will provide sufficient disclosure to Ms. Becker. Similarly, the court has no basis to prevent Ms. Becker from subpoenaing Ms. Garvey. Because the court has no jurisdiction over Ms. Garvey or her counsel, it will not order them to respond (or not respond) to any existing or forthcoming subpoena.

### C. Request for Attorney Fees and Sanctions

Finally, the court considers Ms. Becker's request for her attorney fees expended in connection with these motions as well as an additional monetary sanction. The court can

ORDER – 7

award attorney fees to a party who successfully brings a discovery motion, unless circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). In this case, the court finds that an attorney fee award would be unjust. First, both parties prevailed in part in their discovery motions. Precor presented legitimate concerns not only about the discovery Ms. Becker requested,[2] but about the manner in which Ms. Becker and her counsel had used prior discovery to contact other Precor harassment complainants. The court finds neither attorney fees nor sanctions to be appropriate in these circumstances. The court also strongly suggests that if further discovery disputes arise, the parties avail themselves (and their clients) of the expedited procedure for resolving discovery motions found at Local Rules W.D. Wash. CR 37(a)(1)(B). Cross-motions like the ones before the court are needlessly time-consuming and impose unnecessary costs on the parties.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS both discovery motions (Dkt. ## 36, 38) in part and DENIES them in part. The court DENIES Defendants' motion to seal (Dkt. # 46) two pages from the transcript of Ms. Becker's deposition. Ms. Becker did not respond to the motion, and Defendants failed to point to any facts that overcome the "strong presumption of public access to the court's files." Local Rules W.D. Wash. CR 5(g)(2). The clerk shall unseal the documents at docket numbers 45 and 53.

DATED this 16th day of September, 2009.

_____
The Honorable Richard A. Jones
United States District Judge

---

[2] Ms. Becker is mistaken when she claims that sanctions are necessary because Precor ignored a prior court order declaring evidence about Ms. Garvey's claims relevant. The court's prior order merely noted "the potential relevance of Ms. Garvey's 2004 complaint and settlement," and did so only in concluding that Ms. Becker had crossed the minimal threshold for including allegations about that issue in an amended pleading. Apr. 9 Ord. (Dkt. # 29) at 3. Precor's challenge to the relevance of evidence related to Ms. Garvey for discovery purposes is reasonable, even if the court ultimately did not rule in Precor's favor.

ORDER – 8